1 GOTHARD, J.,
concurring in part and dissenting in part.
I concur with the opinion insofar as it finds the defendant liable for benefits. However, I dissent from that portion of the opinion which affirms the trial court’s finding that the defendant was arbitrary and capricious and awards penalties.
In brief to this Court, defendant argues that the claim was reasonably controverted because the condition did not manifest until three years after the injury[1] and there was testimony by Dr. Wilensky in a deposition taken in 1994 that, due to the patient’s high blood pressure and diabetes, he could not be sure that the seizures were caused by the accident. I have reviewed that earlier deposition which is contained in the record and find that to be an accurate report of the testimony. Further, Dr. Truax and Dr. Wilensky both agree that the diagnosis of post traumatic seizure disorder is a clinical diagnosis which can not be proven definitively by medical tests. I recognize that the finding of arbitrary and capricious refusal to pay compensation is an issue of fact to be reviewed under the manifest error rule. Wooley v. E. J. D. Builders, Inc., supra. However, I have also reviewed the trial court’s reasons for judgment which do not include mention of the award of penalties. Therefore, I am unable to discern what factual findings underpin the ruling that this employer’s behavior is subject | ¿to penalties. Given the fact that even the claimant’s personal physician could not establish a casual link between the accident and the condition when the condition first manifested, I believe the trial court was manifestly erroneous in awarding penalties. See Autin v. Hessmer Nursing Home, 93-1492 (La. App. 3 Cir. 6/1/94), 638 So.2d 693, writ denied, 94-2212 (La.10/7/94), 644 So.2d 634. Accordingly, I would reverse that portion of the judgment.

. See: LSA-R.S.23:1201.